UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
RESTITUTO EMBUSCADO,

Plaintiff,

-against-

BANK OF AMERICA,

Defendant.
-------------------------------------------------------x

**MEMORANDUM AND ORDER**
13-CV-6617 (PKC)

PAMELA K. CHEN, United States District Judge:

On November 27, 2013, plaintiff filed this *pro se* action. On December 2, 2013, plaintiff filed an amended complaint. Plaintiff paid the requisite filing fee to bring this action. For the reasons discussed below, plaintiff is granted thirty (30) days leave to submit a second amended complaint.

**Background**

Plaintiff's complaint and amended complaint both are disjointed, rambling and largely incomprehensible. He alleges, *inter alia*, violations of his Constitutional rights arising under the First and Fourteenth Amendments to the Constitution, the Copyright Act, the Visual Artists Rights Act, the Berne Convention, the Hobbs Act, the Sherman Act, the Racketeer Influenced and Corrupt Organizations Act and 42 U.S.C. § 1983.

It is difficult, if not impossible, to understand the specific allegations plaintiff is making with regard to defendant Bank of America. Plaintiff alleges that defendant has engaged in "unlawful banking practices." Amended Compl. at ¶ 59. The documentation that plaintiff submits to the Court shows that Bank of America ("BoA") alleges that plaintiff has a balance due and owing to the BoA in the amount of $6,100.00. See Letter dated August 19, 2013, from Bank of America, annexed to plaintiff's complaint. Plaintiff seeks monetary damages.

**Standard of Review**

The Court construes a *pro se* complaint liberally and interprets it to raise the strongest arguments it suggests. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Hughes v. Rowe, 449 U.S. 5, 9 (1980); Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191-93 (2d Cir. 2008). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 123 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

However, federal courts are courts of limited jurisdiction and may not preside over cases if they lack subject-matter jurisdiction. Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986); Lyndonville Sav. Bank & Trust Co. v. Lussier, 211 F.3d 697, 700–01 (2d Cir. 2000). Even if plaintiff has paid the court's filing fee, a district court may dismiss the case, *sua sponte*, if it determines that the Court lacks subject matter jurisdiction or the action is frivolous. Fitzgerald v. First East Seventh Street Tenants Corp., 221 F.3d 362, 363–64 (2d Cir. 2000); Fed.R.Civ.P. 12 (h)(3).

**Discussion**

As discussed, the gravamen of plaintiff's complaint and amended complaint is impossible to discern. Rule 8(a)(2) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). This rule "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). Pleadings are to give "fair notice" of a claim and "the grounds upon which it rests" in order to enable the

opposing party to answer and prepare for trial, and to identify the nature of the case. Dura Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336, 346 (2005) (citation omitted); Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 512 (2002); see also Twombly v. Bell, 425 F.3d 99, 106 (2d Cir. 2005) (defining "fair notice" as "'that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so that it may be assigned the proper form of trial.'") (quoting Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995)).

When a complaint fails to comply with this rule, the district court may dismiss it *sua sponte*. Simmons, 49 F.3d at 86. However, "[d]ismissal ... is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (quoted in Kittay v. Kornstein, 230 F.3d 531, 541 (2d Cir. 2000)).

### Leave to Amend

Here, plaintiff's complaint and amended complaint fall far short of giving the fair notice of the claim as required under Rule 8(a)(2). While plaintiff mentions the Constitution and several federal statutes in his complaint and amended complaint, he fails to allege any substantive factual allegations in support of his purported claims, whatever they may be. In light of this Court's duty to liberally construe *pro se* complaints, plaintiff is granted 30 days leave to file a second amended complaint that complies with Rule 8. Cruz v. Gomez, 202 F.3d 593 (2d Cir. 2000).

Should plaintiff file a second amended complaint, he must set forth the legal bases and factual allegations to support his claim against defendant, and the relief he is seeking with respect thereto. Plaintiff must also state, in a plain and concise manner, the specific facts that give rise to his claims. Finally, he must specify the basis for this Court's jurisdiction. Plaintiff is reminded

that a complaint that contains a string of citations to the Constitution and federal statutes, without more, will be insufficient to establish this Court's jurisdiction.

The amended complaint must be captioned as a "Second Amended Complaint" and bear the same docket number as this order. No summons shall issue at this time and all further proceedings shall be stayed for 30 days. If plaintiff fails to amend his complaint within 30 days as directed by this order, the action shall be dismissed for lack of subject matter jurisdiction.

Although plaintiff has paid the filing fee to commence this action, the Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

_____

PAMELA K. CHEN
United States District Judge

Dated: Brooklyn, New York
       December 10, 2013