UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
RESTITUTO EMBUSCADO,

                Plaintiff,                      **MEMORANDUM AND ORDER**
                                                                    13-CV-6617 (PKC)

      -against-

BANK OF AMERICA,

                Defendant.
------------------------------------------------------------x
PAMELA K. CHEN, United States District Judge:

      On November 27, 2013, plaintiff commenced this action, and thereafter paid the requisite filing fee. By order dated December 12, 2013, the Court dismissed plaintiff's claim pursuant to Rule 8 of the Federal Rules of Civil Procedure but granted plaintiff leave to amend. The Court instructed plaintiff that his amended complaint should set forth the legal bases and factual allegations supporting his claim in a plain and concise manner, and specify the basis for this Court's jurisdiction. For the reasons stated below, plaintiff's second amended complaint filed on December 27, 2013, is hereby dismissed for lack of subject matter jurisdiction and, alternatively, as frivolous.

## Background

      Plaintiff's 68 page amended complaint is largely unintelligible. It is impossible to ascertain the specific allegations plaintiff levies against defendant Bank of America. The following are typical of the allegations contained in plaintiff's second amended complaint:

> Bank of America, Defendant, transportation of my name in unconstutional connection with False Billing and mail fraud violated Commerce consists of intercourse... transportation of persons and property...

(Second Amended Compl. at pg. 17, § 9.)

> Hazel and I have so many problems, not only financial but problems dealing with herself and her situation. I have problems adjusting to how I could unite all the time that I have spent in the kitchen and in her bedroom, to establish a form of timely order; that however makes it impossible to arranged in respect to time, everyday day is a different day, nothing is the same.

(Second Amended Compl. at pg. 29, § 31.)

Plaintiff asserts the following causes of action: violations of the First and Fourteenth Amendments to the Constitution, the Copyright Act, the Visual Artists Rights Act, the Berne Convention, the Hobbs Act, the Sherman Act, the Racketeer Influenced and Corrupt Organizations Act and 42 U.S.C. § 1983.  Plaintiff seeks compensatory damages in the amount of 800 million dollars, and punitive damages in the amount of 1 billion dollars.  (Second Amended Compl. at pg. 55.)

### Standard of Review

The Court is obliged to construe plaintiff's pleadings liberally and to interpret the complaint as raising the strongest arguments it suggests.  Pabon v. Wright, 459 F.3d 241, 248 (2d Cir. 2006).  Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint.  Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 123 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662 (2009)).  However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

Even pleadings submitted *pro se* must meet the notice requirements of Rule 8 of the Federal Rules of Civil Procedure.  Rule 8(a)(2) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This rule "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-

defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). Pleadings are to give fair notice of a claim and the grounds upon which it rests in order to enable the opposing party to answer and prepare for trial, and to identify the nature of the case. Dura Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336, 346 (2005) (citation omitted); Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 512 (2002); see also Twombly v. Bell, 425 F.3d 99, 106 (2d Cir. 2005) (defining "fair notice" as "'that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so that it may be assigned the proper form of trial.'") (quoting Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995)).

Moreover, even if plaintiff has paid the Court's filing fee, a district court may dismiss the case, *sua sponte*, if it determines that the Court lacks subject matter jurisdiction or the action is frivolous. Fitzgerald v. First East Seventh Street Tenants Corp., 221 F.3d 362, 363–64 (2d Cir. 2000); Fed. R. Civ. P. 12 (h)(3); see also Hawkins–El III v. AIG Federal Savings Bank, 334 F. App'x. 394, 395 (2d Cir. 2009) (affirming district court's *sua sponte* dismissal of fee paid frivolous complaint).

Discussion

Lack of subject matter jurisdiction cannot be waived and may be raised at any time by a party or by the court *sua sponte.* See Henderson ex rel. Henderson v. Shinseki, ---U.S. ----, ----, 131 S.Ct. 1197, 1202 (2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press."). If a court lacks subject matter jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3); Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006); Durant, Nichols, Houston, Hodgson & Cortese–Costa, P.C. v.

3

Dupont, 565 F.3d 56, 62–3 (2d Cir. 2009).

The basic statutory grants of subject matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332.  Federal subject matter jurisdiction exists only where the action presents a federal question pursuant to 28 U.S.C. § 1331, or where there is diversity jurisdiction pursuant to 28 U.S.C. § 1332.  Moore v. Angiuli & Gentile, LLP, No. 12 CV 2966, 2012 WL 3288747, at *2 (E.D.N.Y. Aug. 9, 2012).  "The party invoking federal jurisdiction bears the burden of establishing that jurisdiction exists." Conyers v. Rossides, 558 F.3d 137, 143 (2d Cir. 2009) (quoting Sharkey v. Quarantine, 541 F.3d 75, 82 (2d Cir. 2008)) (internal quotation marks omitted).

The Supreme Court has held that "[i]n the absence of diversity of citizenship, it is essential to jurisdiction that a substantial federal question should be presented." Hagans v. Lavine, 415 U.S. 528, 537 (1974) (quoting Ex parte Poresky, 290 U.S. 30, 31-32 (1933)). "A plaintiff properly invokes § 1331 jurisdiction when [he] pleads a colorable claim 'arising under' the Constitution or laws of the United States." Arbaugh, 546 U.S. at 513 (citing Bell v. Hood, 327 U.S. 678, 681-85 (1946)).

Here, to the extent that plaintiff seeks to assert federal question jurisdiction, his attempt fails.  The Court can not make out any facts that would demonstrate that defendant committed any wrongdoing.  Moreover, plaintiff fails to assert any facts that would plausibly suggest that any alleged wrongdoing on the part of defendant, amounted to a violation of his constitutional or statutory rights.  Plaintiff's reference to various constitutional rights and federal statutes, without more, is insufficient to establish federal question jurisdiction.

Finally, plaintiff's complaint and amended complaints may be deemed frivolous.  An action is frivolous if it lacks an arguable basis in law or fact, *i.e.*, where it is "based on an

4

indisputably meritless legal theory," or presents "factual contentions [which] are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (defining when an action is frivolous).  Though the Court is sympathetic to the plight of *pro se* litigants, especially where language issues may present additional hurdles, the Court cannot divine any merit in plaintiff's complaint.

## Conclusion

Accordingly, plaintiff's second amended complaint is dismissed, with prejudice, for lack of subject matter jurisdiction or, in the alternative, as frivolous.  Fed. R. Civ. P. 12(h)(3).  The Clerk of Court is directed to close this action. Although plaintiff has paid the filing fee, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal.  Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

_____
PAMELA K. CHEN
United States District Judge

Dated: Brooklyn, New York
       January 7, 2013